## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

In re

**JOHN PATRICK STOKES,**                    Case No. **09-60265-7**

           Debtor.

## *O R D E R*

At Butte in said District this 16ᵗʰ day of July, 2010.

In this Chapter 7 case, after notice, hearing was held at Missoula on July 15, 2010, on

several matters, including the Trustee's First Amended & Substituted Motion for Approval of

Amended Compromise Agreement ("Trustee's Motion") (Docket No. 301), filed July 1, 2010,

and Debtor's objection thereto (Dkt. 307); and on Debtor's motion to modify stay (Dkt. 247)

filed on April 24, 2010, ("Debtor's motion") to permit Debtor to prosecute the Debtor's "Gardner

Appeal" of a judgment against the Debtor in favor of Davar and Todd Gardner ("Gardner") in the

Montana Eleventh Judicial District Court, Flathead County, Cause No. DV-07-729B.  Gardner

and the Trustee filed objections to Debtor's motion, and the "Gardner Appeal" is included in and

subject to the "First Amended & Substituted Settlement Agreement" ("Settlement Agreement")

filed with Dkt. 301, between the Trustee, Gardner, and THOMAS H. BOONE, TRUSTEE OF

BOONE KARLBERG PROFIT SHARING TRUST, WILLIAM E. MYTTY AND SANDRA

1

MYTTY, QUALITY SUPPLY, INC. PROFIT SHARING PLAN AND TRUST, DOUGLAS

HADNOT, J. CHRISS AND MYRNA CRAWFORD AND STEPHEN S. ELLIS, M.D., P.C.,

EMPLOYEES AMENDED AND RESTATED PENSION PLAN (hereinafter the "Boone

Group").

The Debtor filed objections to the proposed settlement, and appeared at the hearing

represented by attorneys Edward A. Murphy of Missoula, John C. Schulte of Missoula, and Bob

Barr of Atlanta, Georgia.  The Trustee Richard J. Samson appeared and testified, represented by

attorney James H. Cossitt of Kalispell.  The Trustee also called Kalispell city attorney Charles

Harball to testify.  Gardner were represented by attorneys Trent Gardner of Bozeman and Joel E.

Guthals of Billings.  The Boone Group was represented by attorney Robert Sullivan.  The

Montana Department of Transportation ("MDOT") did not file an objection to the Trustee's

Motion, but attorney Jolyn E. Eggart of the Montana Department of Transportation ("MDOT")

appeared and argued that the MDOT did not have notice of the hearing on the proposed

settlement[1].  No objection to the settlement was filed by any creditor.  Exhibits ("Ex.") 1, 2, 3, 5,

6, 7, 8, 9, 10, and Gardner's Ex. 5, all were admitted into evidence.

At the conclusion of the hearing, based on the testimony and exhibits, and after review

and consideration of the factors for approval of settlements set forth in *Martin v. Kane (In re A &*

*C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986) *cert. denied sub nom. Martin v. Robinson*,

---

[1]Eggart's appearance for the MDOT shows that it had actual knowledge and sufficient notice of the hearing.  In addition, although no objection apparently has been filed to date to allowance of the MDOT's Proof of Claim, it remains subject to objection and the regular claims allowance process.

2

479 U.S. 854, 107 S.Ct. 189, 93 L.Ed. 2d 122 (1986)[2], the Court overruled the Debtor's objection

and the opposition of the MDOT, granted the Trustee's Motion, and approved the settlement with

Gardner and the Boone Group, with conditions.  The conditions the Court required were that the

parties to the settlement file revisions to the Settlement Agreement attached to Dkt. 301, at page

6, part 4d, which resolves the oversight, which all parties' counsel admitted on the record, and

required Gardner to apply for and pursue transfer of the estate's interest in the FCC radio station

license without delay and in good faith.

Also at the hearing, and as part of the approved settlement, the Court denied Debtor's

motion to modify stay to pursue the Gardner appeal.  The Court ordered the parties to the

settlement to submit an agreed stipulated Order, with the signatures of the Boone Group, Gardner

and the Trustee, plus any agreed further amended Settlement Agreement incorporating the

conditions described above for prosecution of the FCC license transfer, and the Court granted the

parties five (5) days to comply.

**IT IS ORDERED** Debtor's motion to modify stay filed on April 24, 2010 (Dkt. 247) is

denied.

**IT IS FURTHER ORDERED** the Trustee, Gardner and Boone Group shall file, on or

before **JULY 22, 2010),** a proposed Order granting the Trustee's First Amended & Substituted

Motion for Approval of Amended Compromise Agreement (Docket No. 301), filed July 1, 2010,

incorporating the conditions required by the Court at hearing on July 15, 2010, and any further

---

[2]The *A & C* factors to be considered are:  (a) The probability of success in the litigation;
(b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the
litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the
paramount interest of the creditors and a proper deference to their reasonable views of the
premises.' *A & C Properties*, 784 F. 2d at 1381.

modified Settlement Agreement, which shall be executed by the Trustee, Gardner and the Boone

Group; and upon receipt and consideration of the proposed Order and revisions the Court will

enter an Order granting the Trustee's Motion (Dkt. 301) without further notice or hearing.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

4

5