UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**JOHN PATRICK STOKES**,

Debtor.

Case No. **09-60265-7**

# MEMORANDUM OF DECISION

At Butte in said District this 27th day of August, 2010.

Trustee's second Motion for Turnover of Assets of the Estate (Docket No. 240) ("Motion"), filed March 26, 2010, which seeks turnover of items of personal property listed in Dkt. 90[1] is pending in this Chapter 7 case. The Debtor filed an objection (Dkt. 244) on the grounds that claim preclusion is not applicable and that the Debtor has amended his Schedule C to claim exemptions in the items under a different, correct statute. The Court conducted a hearing on the Trustee's Motion at Missoula on July 15, 2010. The Trustee filed a supplemental brief (Dkt. 313) and was represented at the hearing by James H. Cossitt ("Cossitt") of Kalispell, Montana. Debtor appeared represented by attorney Edward A. Murphy ("Murphy") of Missoula. No testimony or exhibits were admitted. The Court heard argument from counsel, and at the conclusion of the hearing took the Motion under advisement. After review of the record and applicable law, for the reasons set forth below the Trustee's second Motion for Turnover will be denied.

---

[1] Those items include: three MAK 90 guns valued at $1,800; one 300 Mag Kimber gun valued at $1,400; fishing gear valued at $37,960; guitars valued at $8,820; and an FCC license for radio station KGEZ valued at $1,500,000. The FCC radio license has been recovered and sold previously.

1

This Court has jurisdiction of this Chapter 7 case under 28 U.S.C. § 1334(a). The Trustee's Motion for Turnover and allowance of exemptions from property of the estate are core proceedings under 28 U.S.C. § 157(b)(2)(B) & (E). This Memorandum includes the Court's findings of fact and conclusions of law.

At issue is whether the Debtor was precluded under the doctrine of claim preclusion from amending his Schedule C to claim exemptions in the subject property after earlier exemptions were disallowed. Under controlling Ninth Circuit authority, *Arnold v. Gill (In re Arnold)*, 252 B.R. 778, 784 (9th Cir. 2000), (citing *Martinson v. Michael*, 17 Mont. B.R. 192, 198, 163 F.3d 526, 529 (9th Cir. 1998)), this Court has no discretion to disallow amended exemptions unless the amendment has been made in bad faith or prejudices third parties. The Trustee failed to show bad faith or prejudice to third parties resulting from Debtor's amendment to his Schedule C.

## FACTS

The Debtor filed a voluntary Chapter 11 petition on March 4, 2009, and filed his initial Schedules on April 3, 2009. He filed amended Schedules on July 24, 2009 (Dkt. 69). Amended Schedule C listed exemptions claimed in firearms, musical instruments and fishing gear exempt under MONT. CODE ANN. ("MCA") § 25-13-613(1)(b), which Murphy conceded at the hearing was an inapplicable exemption statute. The Office of U.S. Trustee ("UST") filed an objection to the Debtor's claims of exemptions in the grounds they are not encompassed within § 25-13-613(1)(b). The Debtor did not respond, and after notice the Court entered an Order[2] on September 4, 2009 (Dkt. 90) disallowing those exemptions.

---

[2] Cossitt's brief at page 5 calls Dkt. 90 a "default judgment" but it is plainly titled "Order."

The case was converted to Chapter 7 on September 21, 2009, and the Trustee was appointed. The Debtor filed amended Schedules on December 4, 2009. Dkt. 204. Amended Schedule C claims the firearms, musical instruments and fishing equipment all exempt under MCA § 25-13-609(1). No objection to those amended claims of exemption has been filed. Instead, the Trustee filed his second Motion for Turnover of the firearms, musical instruments and fishing equipment on March 26, 2010, on the basis of the Court's Order Dkt. 90.

## DISCUSSION

The Trustee contends that the Debtor failed to appeal this Court's Order (Dkt. 90), and failed to seek relief or reconsideration under F.R.B.P. Rules 9023 and 9024, and FED. R. CIV. P. 59 and 60, and therefore the Trustee argues that the Debtor is barred by claim preclusion or res judicata from relitigating the exemptions because they were decided in a final judgment at Dkt. 90. The Debtor contends that this Court's decision *In re Harrod*, Case No. 09-61752-7, dated January 22, 2010, allowed the Debtor to claim an exemption after the petition date.

In *Harrod*, this Court cited the Ninth Circuit decision in *Michael*, which affirmed the reversal of this Court's disallowance of a homestead exemption claimed by debtors who amended their Schedules to claim a homestead exemption after the petition date. *Michael*, 163 F.3d at 529. The Trustee has not objected to the Debtor's amended exemptions, but asks this Court to ignore them in his Motion for Turnover on the basis of the prior Order disallowing the earlier exemptions. What the Trustee asks for in effect is for the Court to take a similar course to that which was reversed in *Michael*, without even deciding the merits of the Debtor's amended exemptions. The Court declines to do so.

Amendment of schedules by a debtor is liberally allowed pursuant to F.R.B.P. 1009(a) as

3

a matter of course at any time before the case is closed. *Arnold v. Gill*, 252 B.R. at 784 (citing *Michael*); *Doan v. Hudgins (In re Doan)*, 672 F.2d 831, 833 (11th Cir. 1982) (per curiam); *Magallanes v. Williams (In re Magallanes)*, 96 B.R. 253, 256 (9th Cir. BAP 1988) (citing cases). "The bankruptcy court has no discretion to disallow amended exemptions, unless the amendment has been made in bad faith or prejudices third parties." *Arnold v. Gill*, 252 B.R. at 784. *Michael* notes: "A court may, however, deny the debtors leave to amend 'on a showing of a debtor's bad faith or of prejudice to creditors'." 163 F.3d at 529, quoting *Doan*, 672 F.2d at 833. Recently the Ninth Circuit Bankruptcy Appellate Panel ("BAP") repeated that no court approval is required for amendment to schedules post-petition, which is liberally allowed. *Tyner v. Aceituno, et al. (In re Nicholson)*, __ B.R. __, 2010 WL 3312590, * 5. The BAP noted that whether debtors may amend their schedules post-petition is separate from the question whether the exemption is allowable. *Id.* (Citing cases).

      The United States Supreme Court recently agreed that "exemptions in bankruptcy cases are part and parcel of the fundamental bankruptcy concept of a 'fresh start.'" *Schwab v. Reilly*, __ U.S. __, 130 S.Ct. 2652, 2667, 2010 WL 2400094 (quoting *Rousey v. Jacoway*, 544 U.S. 320, 325, 125 S.Ct. 1561, 161 L.Ed.2d 563 (2005)). An exemption is presumptively valid, and an objecting party has the burden of producing some evidence to rebut that presumption. *Nicholson*, 2010 WL3312590 at *6; *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n.3 (9th Cir. 1999). The Trustee in the instant case has not taken up that burden, instead relying on a Michigan bankruptcy case, *In re Daniels*, 270 B.R. 417 (Bankr. E.D. Mich. 2001), and the doctrine of res judicata to skip over the need to object to Debtor's amended claim of exemptions. This Court is obliged to follow binding Ninth Circuit precedent, and declines to follow *Daniels*.

4

In *Daniels* the court noted an "inverse implication" of the holding of *Taylor v. Freeland & Kronz,* 503 U.S. 638, 644, 112, S.Ct. 1644, 118 L.Ed.2d 280 (1992). The court wrote:

> The inverse implication of *Taylor's* holding that the trustee is precluded from asserting a valid objection to a debtor's claimed objection, where he has failed to object within the time limits established by the procedural rules, is that the debtor may not assert a valid claim of exemption, where he has failed to appropriately defend that claim when attacked by the trustee's objection. It follows from the fact that a debtor's claim of exemption becomes final once the Rule 4003(b) deadline has passed without objection, that an order denying an exemption based on the debtor's failure to defend the exemption within the time allotted by L.B.R. 9014-1 is a final adjudication of the debtor's right to the exemption.

270 B.R. at 424.

The Supreme Court in *Schwab* rejected a premise upon which the court of appeals below focused on when describing *Taylor*'s "unstated premise," by stating of *Taylor*: "But *Taylor* does not rest on this premise. It establishes and applies the straightforward proposition that an interested party must object to a claimed exemption if the amount the debtor lists as the 'value claimed exempt' is not within statutory limits ...." *Schwab*, 130 S.Ct. at 2666. In light of that admonition of the straightforward holding of *Taylor*, this Court declines to recognize the "inverse implication" of the *Taylor* holding identified in *Daniels, supra*.

Cossitt argued at the hearing that *Daniels* was on all fours with the instant case, but *Daniels* is distinguishable. In *Daniels* the trustee had objected to a claim of exemption by the debtors in a personal injury lawsuit. *Daniels*, 270 B.R. at 419. After the debtors failed to respond and the objection was sustained the trustee hired special counsel and negotiated a settlement of the personal injury claim for $21,500. *Id.* at 420. Only then did the debtors amend their schedules to claim exemptions totaling $20,000. *Id.* By contrast, in the instant case the Debtor still has possession of the firearms, musical instruments and fishing equipment. The

5

*Daniels* court applied the doctrine of laches as an exception to the rule of free amendment of schedules because of the actions the trustee took in pursuing settlement of the personal injury lawsuit, in detrimental reliance on the debtors' initial position.  *Damiels*, 270 B.R. at 426-27, 429.  In the instant case the Trustee offered no evidence of detrimental reliance to support application of the doctrine of laches.

In the Ninth Circuit, "[t]he bankruptcy court has no discretion to disallow amended exemptions, unless the amendment has been made in bad faith or prejudices third parties." *Arnold v. Gill*, 252 B.R. at 784.  *Michael* notes: "A court may, however, deny the debtors leave to amend 'on a showing of a debtor's bad faith or of prejudice to creditors'."  163 F.3d at 529, (quoting *Doan*).  A party objecting to a debtor's claim of exemption must prove bad faith by a preponderance of the evidence.  *Nicholson,* 2010 WL 3312590 at * 10.

The Trustee has not objected to the Debtor's amended exemptions, and so has not satisfied his burden to show bad faith or prejudice.  Mere delay in claiming exemptions is insufficient evidence of bad faith.  *Nicholson,* 2010 WL 3312590 at * 11 (citing *Arnold*, 252 B.R. at 786).  Bad faith in claiming exemptions is determined by examining the totality of the circumstances.  *Id.* at *10.  "Concealment of assets is the usual ground for a finding of 'bad faith.'"  *Id.*  "However, 'a debtor's intentional and deliberate delay in amending an exemption for the purpose of gaining an economic or tactical advantage at the expense of creditors and the estate [also] constitutes 'bad faith.''"  *Id.* (Citing cases).

No evidence exists in the record that the Debtor concealed the firearms, musical instruments, or fishing equipment.  The Debtor filed his amended Schedule C claiming the items exempt under a different statute, after the case was converted to Chapter 7, three months after the

6

Court entered its Order sustaining the UST's objection to exemptions. That three month delay was less than half the debtors' delay in amending their schedules in *Daniels*, and the Trustee has offered no evidence that the Debtor delayed amendment for the purpose of gaining an economic or tactical advantage at the expense of creditors and the estate. Based on this record this Court cannot conclude that the Debtor amended his Schedule C in bad faith, or that the amendment prejudices third parties, or that the Trustee has established detrimental reliance to impose the doctrine of laches as in *Daniels*.

What remains is the Trustee's objection based on res judicata. The Montana Supreme Court set out a four part test that must be met to satisfy a claim of *res judicata* in *Butler v. Colwell*, 291 Mont. 134, 138-39, 967 P.2d 779, 781-82 (1998): "[T]he parties or their privies are the same; the subject matter of the claim is the same; the issues are the same and relate to the same subject matter, and the capacities of the persons are the same in reference to the subject matter and the issues." Assuming *arguendo* that the Trustee is in privity with the UST from its earlier objection, the Court finds that the issues in the instant Motion for Turnover are not the same as the UST's objection. The Debtor concedes that his original exemptions in the firearms, musical instruments and fishing equipment were claimed under an inapplicable exemption statute. Their amended Schedule C claims the items exempt under a different statute.[3] Therefore the issues of allowance of exemptions are not based on the same statute, and the Court finds that the Trustee has failed to satisfy that requirement to apply *res judicata*. Accordingly,

---

[3] For the benefit of counsel, the Montana Supreme Court, on a certified question from this Court, held *In re Maynard*, 2006 MT 162 ¶ 14, 332 Mont. 803, 139 P.3d 803, "that, pursuant to the plain language of § 25-13-613(1)(b), MCA, a Montana debtor may claim an exemption for one gun in addition to exemptions allowed and claimed under § 25-13-609(1), MCA."

7

**IT IS ORDERED** a separate Order shall be entered in conformity with the above, denying the Trustee's second Motion for Turnover (Dkt. 240) with respect to firearms, musical instruments and fishing equipment listed in Dkt. 90.

BY THE COURT

*/s/ Ralph B. Kirscher*
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana